IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY RIZZOTTO

_____/

SEALED
INDICTMENT

1:23CR13 AW/ML

THE GRAND JURY CHARGES:

## COUNT ONE

Between on or about January 1, 2019, and April 17, 2023, in the Northern District of Florida, the defendant,

ANTHONY RIZZOTTO,

did knowingly and willfully combine, conspire, confederate, and agree with other persons to distribute and possess with intent to distribute a controlled substance, and this offense involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about January 4, 2023, in the Northern District of Florida, the defendant,

## ANTHONY RIZZOTTO,

did knowingly and intentionally possess with intent to distribute a controlled substance, and this offense involved 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT THREE

On or about April 17, 2023, in the Northern District of Florida, the defendant,

## ANTHONY RIZZOTTO,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate and foreign commerce, that is:

1. On or about July 5, 2012, **ANTHONY RIZZOTTO** was convicted in the State of Florida of Racketeering.

2. For this crime, **ANTHONY RIZZOTTO** was subject to punishment by a term of imprisonment exceeding one year.

3. Thereafter, **ANTHONY RIZZOTTO** did knowingly possess a firearm, to wit: a Ruger 5.7x28 millimeter pistol, a Haskell .45 pistol, and an Armi Sport Di Chiappa .22 rifle.

4. These firearms had previously been transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From his engagement in the violations alleged in Counts One and Two, punishable by imprisonment for more than one year, the defendant,

## ANTHONY RIZZOTTO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of his interest in:

A. Property constituting or derived from any proceeds the defendant obtained directly or indirectly as the result of such violations.

B. Property used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property subject to forfeiture as a result of any act or omission of the defendant:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third person;

    iii. has been placed beyond the jurisdiction of this Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## FIREARM FORFEITURE

The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference. Because the defendant,

### ANTHONY RIZZOTTO,

knowingly committed the violations set forth in Count Three of this Indictment, any and all interest that the defendant has in the firearms involved in this violation

is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d)(1).

A TRUE BILL:

Redacted

5/24/2023
DATE

_____
JASON R. COODY
United States Attorney

_____
DAVID P. BYRON
Assistant United States Attorney

5